# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-11-044 JAP |
| | ) | |
| DEXTRAL CAPITAL LP, et. al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### *Upon Defendants' Motion to Dismiss: GRANTED*

## <u>O R D E R</u>

On this 1st day of May 2018, having considered Defendants' motion to dismiss the Complaint, and Plaintiff's opposition thereto, it appears to the Court that:

1.     In this suit Plaintiff Jason Spencer, a resident of Dallas, Texas, claims that the defendants, Dextral Capital LP and Dextral Capital Management Fund LP, owe him over one million dollars in unpaid wages, bonuses, health care insurance, and the like. Dextral has moved to dismiss the Complaint on the basis that Spencer's suit is barred by the doctrine of *res judicata*. Because this matter comes before the court on a motion to dismiss, the

court will treat each well-pled factual allegation as true and will give Plaintiff the benefit of all reasonable inferences arising from those facts.[1]

2. Spencer alleges he became a managing director of Dextral in June of 2009. His duties included, among other things, "being responsible for the day to day operations of both Dextral Capital LP and Dextral Capital Management Fund LP, raising capital, fund investment management and monitoring, ensuring SEC compliance, reporting to the investors, and handling investor questions, concerns, tax reporting, statements, and distribution requests as needed."[2]

3. By 2011, the relationship had apparently soured. According to the Complaint, "one of Defendants' officers, Ken Talbert, attempted to terminate Plaintiff's employment on the [sic] November 11, 2011 by providing written notice of that intention."[3] Spencer contends that he was contractually entitled to continue his position with Dextral until such time as Dextral and its parent LLC were dissolved, and therefore, his termination was ineffective.

---

[1]  *See In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).
[2]  Complaint ¶5.
[3]  *Id.* at ¶9.

4. Not long after "attempting to terminate Plaintiff's employment" Dextral filed suit against him in Texas alleging multiple counts of defalcations by Spencer. The Texas District Court conducted a bench trial and found in favor of Dextral. It concluded Spencer stole large amounts of money from Dextral. According to the Texas court, "Spencer's conversion, misappropriation, and theft of partnership monies of Dextral . . . constituted theft of fiduciary property under the Texas Penal Code."[4]

5. *Res judicata* is a familiar doctrine in American law. "The doctrine of *res judicata* is venerable and well-established in our legal history, having been traced back to Roman law and implemented in English law in the twelfth century."[5] Under the doctrine, "a party is foreclosed from bringing a second suit based on the same cause of action after a judgment has been entered in a prior suit involving the same parties."[6]

6. Spencer argues that the doctrine does not apply because the issue of his employment agreement was never litigated in the

---

[4] Ex. B to Defendants' Motion to Dismiss (District Court's "Findings of Fact and Conclusions of Law").
[5] *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 191 (Del. 2009).
[6] *Betts v. Townsends, Inc.*, 765 A.2d 531, 534 (Del. 2000).

Texas case, and the Texas court lacked jurisdiction over the case. He is wrong on both counts. His first objection—the contention that his employment agreement was never litigated—is premised on the questionable assumption that the Texas court never considered his employment agreement and that the Texas dispute was only about Spencer's rights and obligations under the Limited Partnership Agreement. Contrary to Spencer's contention, the Texas court alluded to his employment status on several occasions. For example, it wrote that "as an *employee, manager* and/or agent Jason Spencer owed fiduciary duties to Dextral."[7] It then concluded Defendants had "properly terminated Jason Spencer from all authority to act on behalf of Dextral."[8]

7. Assuming that Spencer is correct that the Texas court never considered the employment relationship, his case is still barred because the employment contract issues *could* have been presented in the Texas matter. Spencer's argument is predicated upon the proposition that a party claiming the benefits of *res judicata* must show that the issues in the earlier case "were the

---

[7] Ex. B to Defendants' Motion to Dismiss (District Court's "Findings of Fact and Conclusions of Law") (emphasis added).
[8] *Id.*

4

same as the case at bar." But, the Delaware Courts have held that "[t]he *res judicata* doctrine operates to bar only later claims that *could have* been brought at the time of an earlier asserted claim."[9]

In *LaPoint v. AmerisourceBergen Corp.*,[10] the Supreme Court wrote:

> *Res judicata* exists to provide a definite end to litigation, prevent vexatious litigation, and promote judicial economy. "The procedural 'bar of *res judicata* extends to all issues which might have been raised and decided in the first suit as well as to all issues that actually were decided.'" "In essence, the doctrine of *res judicata* serves to prevent a multiplicity of needless litigation of issues by limiting parties to one fair trial of an issue or cause of action which has been raised or should have been raised in a court of competent jurisdiction."[11]

In *LaPoint*, the Supreme Court quoted with approval a Second Circuit opinion applying Delaware law, in which the Court of Appeals held:

> [I]f the pleadings framing the issues in the first action would have permitted the raising of the issue sought to be raised in the second action, *and if the facts were known, or could have been known to the plaintiff in the second action at the time of the first action, then the claims in the second action are precluded.*[12]

8. The allegations in the Complaint leave no doubt that at the time of the filing of the Texas case Spencer knew, or should have known, of his employment contract claims. The Texas

---

9 *RBC Capital Markets, LLC v. Educ. Loan Tr. IV*, 87 A.3d 632, 646 (Del. 2014) (emphasis added).
10 970 A.2d 185 (Del. 2009).
11 *Id.* at 191-92 (internal citations omitted).
12 *Id.* at 193 (quoting *Ambase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 73 (2d Cir. 2003)) (emphasis in original).

Complaint was filed in December of 2011. By that time, Spencer knew that "[h]e had never been paid since his employment began during the previous two years of his employment,"[13] and that Defendants had "attempted to terminate" him.[14] Spencer points to nothing that he learned after the Texas case which gave rise to an employment claim where none had previously existed.

Therefore, Defendant's motion to dismiss with prejudice is **GRANTED**, and the Complaint is hereby **DISMISSED**.[15]

**IT IS SO ORDERED.**

_____
John A. Parkins, Jr.
Superior Court Judge

oc:   Prothonotary

cc:   Adam Hiller, Esquire, Hiller Law, LLC, Wilmington, Delaware
Daniel C. Herr, Esquire, Law Office of Daniel C. Herr LLC, Wilmington, Delaware

---

[13]   Complaint ¶8.
[14]   Complaint ¶9.
[15]   Defendant has asserted other affirmative defenses such as the statute of limitations. The court expresses no opinion about these at this time.

6